1mv

United States District Court
Southern District of Texas
ENTERED

SEP 21 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED

SEP 21 1998

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANTONIO GONZALEZ CONTRERAS | * | |
| | * | |
| VS | * | C.A. NO. B95 113 |
| | * | |
| ISSIS CHAINBERLAN | * | |
| And SHERIFF ALEX PEREZ | * | |

ANTONIO GONZALEZ CONTRERAS, Pro Se

Cameron County Legal Department (Richard O. Burst) Attorney for Respondent

## MEMORANDUM ORDER OF DISMISSAL

This cause of action was initiated in July 17, 1995, against Defendants ISSIS CHAINBERLAN AND CAMERON COUNTY SHERIFF, ALEX PEREZ (SHERIFF PEREZ). In a nutshell, Plaintiff complains that an officer in jail refused to hand over Plaintiff's property to an awaiting party and that he never received an answer to his grievance. The property in question was apparently a check (with no specified amount). Plaintiff seeks to recover $30,000.00 for this alleged violation of rights.

On April 11, 1996, this Court had granted Petitioner's Motion to Proceed in Forma Pauperis and ordered Defendants to answer. A motion to dismiss was filed on June 16, 1996 and to date no action was taken by Plaintiff to further prosecute his claim.

While the above is clearly sufficient to dismiss this cause of action for failure to prosecute, this Court is also of the opinion that Plaintiff's allegations are insufficient to survive a 12b(6) motion to dismiss on the merits. In support of the aforementioned conclusion, this Court files the following findings of fact and conclusions of law.

1. At all times material to this action, ALEX PEREZ was the Sheriff of Cameron County, Texas. There are no allegations that either of the Defendants engaged in conduct which violated statutory or constitutional rights of Plaintiff.

2. There are no allegations that implicate County customs or policy. The Plaintiff has failed to allege that either of the Defendants implemented unconstitutional policies that causally resulted in an injury to Plaintiffs or that

3

either of the named Defendants engaged in a conduct that violated a clearly established constitutional right.

3. SHERIFF PEREZ cannot be held liable vicariously. He may only be held liable if he affirmatively participated in acts that caused a constitutional violation or implemented unconstitutional policies that causally resulted in an injury to Plaintiff. <u>Mouille v. City of Live Oaks, Texas</u>, 977 F.2d 924, 929 (5th Cir. 1992). There are no allegations that SHERIFF PEREZ did either.

4. The performance of discretionary functions by SHERIFF PEREZ is shielded from liability for civil damages if his alleged conduct does not violate clearly established rights of which a reasonable person would have known. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 89 L.Ed.2d 271 (1986).

5. Cameron County cannot be held liable under the theory of *respondeat superior* for the actions of its employees. <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658, 690-94, 98 S.Ct. 2018, 2035-37, 56 L.Ed.2d

611 (1978). It is only where Cameron County custom or policy inflicts a constitutional injury that the County can be held liable under Section 1983. <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412, 424 (1988). There are no allegations implicating County custom or policy.

It is therefore **ORDERED** that Defendants' Motion for Summary Judgment be and is hereby **GRANTED** and this cause of action be and is hereby **DISMISSED with prejudice.**

DONE at Brownsville, Texas, this \_\_21\_\_ day of September, 1998.

_____
Hilda G. Tagle
United States District Judge